**FITZMAURICE MOTOR SALES, INC.**
vs.
**LUIZZI SHOE, INC.**

**No. 277**

District Court Department
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

**October 20, 1981**

Richard J. Harb, Esq., counsel for plaintiff
Victor G. Fields, Esq., counsel for defendant

## OPINION

**STAFF, J.** This is an action to recover for labor performed and materials furnished by plaintiff in repairing defendant's car.

The defendant filed a single request for ruling as follows: "Upon all the evidence the plaintiff has failed to prove a written agreement entered into between the parties." The trial judge allowed the request, but found for the plaintiff.

The complaint recites that the plaintiff entered into an agreement whereby the plaintiff was to furnish materials and perform services upon a certain car owned by the defendant. The complaint went on to say that a copy of the agreement was annexed to the complaint. The complaint further recites that the defendant agreed to pay to the plaintiff the sum of two thousand ninety and 07/100 dollars ($2090.07) for the services that the plaintiff performed; the defendant refused to pay and the plaintiff demanded judgment.

Attached to the report are two

documents, and it is assumed that these documents comprise the "copy of the agreement" referred to in the complaint. These documents appear to be invoices with a detailed list of labor and material as one would expect to find on an account annexed. These documents are not signed by either the defendant or a representative of the plaintiff and of course are not a written agreement.

The defendant filed a motion to amend judgment, alleging an inconsistency between the court's finding and its allowance of the request, in that the allowance of defendant's request precluded a finding on an oral contract not pleaded. The court denied this motion.

We find no error.

Defendant's entire argument is that because plaintiff's complaint contained the sentence, "A copy of the agreement is hereto annexed marked 'A' ", the plaintiff is precluded from recovering on an oral agreement.

The Rules of Civil Procedure do not simply abolish distinctive "forms of action," but also liberalize pleadings. "A plaintiff need only plead those facts necessary to show that he is entitled to a relief which the law recognizes; he need not frame his action into one of the several possible forms of action...Differences in the forms of claims being abolished, the plaintiff should be denied relief only when under the facts proved he is entitled to none." Reporters' Notes, Mass. R. Civ. P. 2

"Pleadings shall be so construed as to do substantial justice." Mass. R. Civ. P. and Dist./Mun. Cts. R. Civ. P., Rule 8 (f).

The result of this mandate is that intendment in favor of the pleader is permitted. See, Nolan, Civil Practice, § 219 (Supp. 1981); **Charbonnier v. Amico,** 367 Mass. 146, 152 (1975).

The primary purpose of the pleadings under the Rules is to give fair notice of claims or defenses. A careful reading of the complaint with its annexed documents makes obvious plaintiff's claim.

It may well be that an amendment to the complaint as "a copy of the agreement" and referring to them rather as an "account annexed" would completely settle defendant's objections. Apparently the trial judge did not believe that this was necessary.

We will not take a hyper-technical view of the pleadings and reverse a judgment when the eventual outcome of the case will not be materially affected. The pleadings and the facts proved support the judge's finding of an oral agreement.

Accordingly, we order that the report be dismissed.

**Daniel H. Rider, Presiding Justice**
**Richard O. Staff, Justice**
**Charles E. Black, Justice**